## Commonwealth v. Schwartz

*J. Stroud Weber*, district attorney, for Commonwealth.

*Wisler, Pearlstine, Talone & Gerber*, for defendant.

KNIGHT, P. J., April 24, 1952.—This is a certiorari from a judgment of conviction entered against defendant for disorderly conduct by a justice of the peace of Cheltenham Township.

Ordinance 704 of Cheltenham Township prohibits disorderly conduct and defines what manner of con-

duct shall be deemed disorderly within the scope of the ordinance.

Section 2(9) of ordinance no. 704 designates as disorderly conduct: "Acting in and about the streets or other public places of the township in a noisy, loud, boisterous and unseemly manner, or in such manner as to disturb the peace and quiet of the community. . . ."

The information charges defendant with a violation of the above section by unlawfully acting in an unseemly manner on the public highway by spitting at a police officer who was in police uniform directing traffic at the time.

At the hearing, the officer testified:

"The defendant riding by spit at me, which he has been doing right along. I could not leave the spot at the time to go after him, so then I went home."

It is contended that the above conduct of defendant was not disorderly conduct within the meaning of section 2(9) of ordinance 704, supra. There seems to be no reported case in Pennsylvania in which spitting on or at another on the public streets has been held to be or not to be disorderly conduct.

The assistant district attorney in his brief cites two cases from the State of New York holding that such action constitutes disorderly conduct.

In People v. Rabey, 48 N. Y. S. 2d 937 (1944), defendant was convicted of disorderly conduct in that he spit upon a private individual. The court in concluding that spitting constituted the offense of disorderly conduct said:

"It is not necessary to constitute the offense of disorderly conduct that a person specifically intends to provoke a breach of the peace. That is one way in which it can be committed. It also can be committed by the doing of any act 'whereby a breach of the peace may be occasioned. . . . Certainly, one can conceive of no more offensive, abusive or insulting conduct than

the spitting upon the person of another in a public street and in the presence of others. Such conduct is calculated to incite others to acts of violent retaliation'."

See also People v. Sinclair, 149 N. Y. S. 54, and Cave v. Cooley, 48 N. M. 478, 152 P. 2d 886.

It will be noted that the ordinance uses the term "acting" which would cover conduct which was not accompanied by noisy demonstrations. That spitting at an officer of the law while in the performance of his duty and doing it right along is an unseemly thing to do seems rather plain and that such conduct is calculated to disturb the peace seems equally clear.

Defendant exhibited a contemptuous disrespect for law and order as represented by the police officer in uniform, his abusive and insulting act might well have incited violent retaliation and result in a serious breach of the peace. We are of the opinion that the conduct of defendant falls within the terms of the ordinance and that defendant was properly convicted.

It is also contended that the ordinance is invalid because its phraseology is very similar to section 406 of The Penal Code of June 24, 1939, P. L. 872, and that where a borough ordinance defines disorderly conduct in the same manner as section 406 of The Penal Code, supra, such ordinance is invalid. There is authority to support this contention and there is authority to the contrary.

In the present case, however, there is a difference in the phraseology between section 406 of The Penal Code, supra, and the ordinance of Cheltenham Township.

Section 406 provides:

"Whoever wilfully makes or causes to be made any loud, boisterous and unseemly noise or disturbance to the annoyance of the peaceable residents nearby, or near to any public highway, road, street, lane, alley, park, square, or common, whereby the public peace is

broken or disturbed or the travelling public annoyed, is guilty of the offense of disorderly conduct. . . ."

The ordinance designates disorderly conduct as:

"Acting in and about the streets of the township in a noisy, loud, boisterous and unseemly manner, or in such manner as to disturb the peace and quiet of the community."

It will be seen that to constitute disorderly conduct under the act the making of a loud, etc., noise or disturbance is necessary while under the ordinance *acting* in an unseemly manner or in such manner as to disturb the peace either with or without noise constitutes the offense.

We are therefore of the opinion that the ordinance is broader in its coverage than the act and that the two do not cover exactly the same subjects.

The contention that defendant was arrested by the police officer without first procuring a warrant is not pressed in the brief of counsel for defendant and we think is without merit.

And now, April 24, 1952, the judgment of the justice of the peace rendered in the above case is affirmed.